UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO (COLUMBUS)

| | | |
|---|---|---|
| STEVEN BERGER, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-3484 |
| | ) | |
| FRONTLINE ASSET STRATEGIES, LLC; | ) | |
| | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

# COMPLAINT

Now comes STEVEN BERGER ("Plaintiff"), complaining as to FRONTLINE ASSET STRATEGIES, LLC ("Defendant"):

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction extends to the state law claims.

3. Venue is proper in the Court pursuant to 28 U.S.C. § 1391 as the substantial portion of the events giving rise to the claims occurred within this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing in Johnstown, Licking County, Ohio.

5. Defendant is a Minnesota limited liability company.

6. Defendant is a third-party debt collector.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Defendant is collecting upon a Finger Hut shopping bill, incurred by Plaintiff for the purchase of everyday household items.

8. At about 2:06 P.M. on June 25, 2019, Plaintiff received a call from Defendant regarding this account.

9. A representative named "Meghan" advised Plaintiff that if he did not pay the debt in full, the original creditor had given Defendant authority to sue Plaintiff on its behalf.

10. The bill is for a very small amount, apparently approximately $500.

11. On reference, Defendant would not sue Plaintiff in Licking County (the only acceptable venues under 15 U.S.C. 1692i) on a Finger Hut bill for this tiny amount.

12. On belief, Defendant never had any intention of actually suing Plaintiff on this Finger Hut bill.

13. Further, on belief, it was not true that Finger Hut had provided Defendant authorization to sue Plaintiff.

14. On reference, Defendant has never sued anyone in the Licking County Municipal Court or the Licking County Court of Common Pleas.

15. On reference, Finger Hut has not done so either.

16. Defendant's actions caused Plaintiff needless anxiety over the prospect of being sued in state court. This action follows.

### COUNT I — VIOLATIONS OF THE FDCPA

17. Plaintiff realleges the paragraphs above as if fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by § 1692a(3) of the FDCPA because the principal purpose of its business is the collection of debt.

20. Alternatively, Defendant is a "debt collector" because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

21. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

22. Defendant violated FDCPA § 1692e(5) by falsely threatening a lawsuit.

23. Defendant violated FDCPA § 1692e generally by making the misrepresentation that it was somehow "authorized" by Finger Hut to bring a lawsuit.

### COUNT II — VIOLATIONS OF THE CSPA

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

26. Plaintiff is a "person" as defined by R.C. 1345.01(B).

27. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

28. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

29. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant.

30. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

31. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq*. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

32. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

33. Defendant's actions therefore violated the CSPA.

[ 4 ]

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Awarding Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

b. Awarding Plaintiff statutory damages in an amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. Awarding Plaintiff statutory damages, actual damages, treble/and or punitive damages and injunctive relief, plus attorney fees, pursuant to the CSPA;

d. Awarding Plaintiff the costs of this action and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k(a)(3);

e. Awarding Plaintiff any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

August 9, 2019

By: s/ Jonathan Hilton

Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern RD NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
www.hiltonparker.com